GENEVA TILLERSON v. THE STATE.

No. 21960. Delivered March 4, 1942.

474

The opinion states the case.

*Art Schlofman,* of Dalhart, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of a violation of the local option law and assessed a fine of $100.00, from which she appeals.

It appears from the record that the charge lodged against appellant by complaint and information is that she sold to Hayden Goodnight an alcoholic beverage, to-wit, whiskey, in Dallam County "without first having procured a permit to sell such liquor from the Texas Liquor Control Board * * * * * and the said county was then and there a county in which the sale of liquor could be legally carried on under a legal permit."

By proper bill of exception approved by the court and borne out by the record, it is revealed that prior to the adoption of national prohibition Dallam County held a legal prohibition election and at the time of the adoption of the amendment to the Constitution of the United States prohibiting the sale of liquor, it had remained and was operating under the terms of said election and was what is defined to be a dry county. After the repeal of the national prohibition law Dallam County held

another election and legalized the sale of beer under the Liquor Control Act, but did not legalize the sale of whiskey. The court in his charge instructed the jury as a matter of law that Dallam County is a wet county as defined by the Liquor Control Act and an area in which the sale of alcoholic beverages containing alcohol in excess of four percent by weight could be legally carried on under a legal permit. This seems to be directly in conflict with the record of the court approving appellant's bill of exception number one embracing exceptions to the court's charge. In approving said bill of exception the court said:

"Examined by the court and approved in all things as correctly reflecting the facts, the evidence as the local option elections and Status of Dallam County, Texas when the Constitutional amendment was enacted as a law repealing the prohibition law or Dean Act, and Dallam County at said time as shown by the records and evidence herein was a Dry Area and the only local option election as shown by the evidence in this case was to permit 3.2 liquor by weight to be sold under a legal permit in Dallam County, Texas, and the court being of the opinion that regardless of said evidence it must take judicial notice of whether or not Dallam County is a Wet or Dry Area, did instruct the jury that said Area is a wet area and disregarded the evidence thereon as produced by the defendant, and here and now ordered filed with the above qualification as a part of the record herein and as defendant's bill of exceptions number one, this the 22 day of October, 1941."

The definition of a "dry area" and of a "wet area" seem to be relative terms as set out in Subdivision 23 of Art. 666, Penal Code, and from the facts stated in the foregoing quotation from the court's qualification of the bill it would appear to be the correct conclusion that Dallam County is a "dry area" as to the sale of whiskey and other alcoholic beverages containing more than 3.2 per cent alcohol by weight. At the same time it is a "wet area" as to beer and those liquors which do not contain more than 3.2 percent of alcohol by weight. The appellant was charged in this case with the sale of whiskey containing alcohol in excess of four percent by weight. Consequently, as to the sale of the liquor charged, Dallam County is a dry area. This being true, the whole theory of the case was erroneously charged and the proof would not sustain a conviction for the offense alleged.

The judgment of the trial court is reversed and the cause remanded.