

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 7, 1947

Hon. R. A. Taylor, Jr.　　　Opinion No. V-297
County Attorney
Zavala County　　　　　　Re: The "wet" or "dry"
Crystal City, Texas　　　　　status of Zavala
　　　　　　　　　　　　　　County; validity of
　　　　　　　　　　　　　　local option elec-
　　　　　　　　　　　　　　tion held in 1910
　　　　　　　　　　　　　　in said county.

Dear Sir:

　　　Your letter of June 2, 1947, requests the opinion of this department as to the "wet" or "dry" status of Zavala County and the validity of a local option election held on May 28, 1910. The minutes of the Commissioners' Court do not disclose that the clerk was ordered to post election notices or that such notices were in fact posted. If it is determined that such election was valid or that its validity cannot now be successfully questioned, it will not be necessary to answer your other questions.

　　　In order to determine the "wet" or "dry" status of Zavala County, based on the local option election of 1910, it is necessary to go into the question of whether the validity of such election can be inquired into at this late date. As stated in your letter, Article 5728, Revised Civil Statutes (1911), was enacted in 1907, as an amendment to Article 3397 of the Revised Civil Statutes (1895). This Article was repealed by state-wide prohibition in 1919, but its provisions were re-enacted in the Liquor Control Act (Art. 666-40a, V.P.C.) effective September 1, 1937. Section 40a of Article 666, Vernon's Penal Code, and the Act of 1907 which became Article 5728 of the Revised Civil Statutes (1911) are identical and each reads as follows:

　　　"At any time within thirty (30) days after the result of any local option election held pursuant to the provisions of the Texas Liquor Control Act has been declared, any qualified voter of the county, justice precinct or incorporated town or city of

such county in which such election has been held, may contest the said election in the District Court of the county in which such election has been held, which shall have original and exclusive jurisdiction of all suits to contest such election, and the proceedings in such contest shall be conducted in the same manner, as now govern the contest of any general election, and said court shall have jurisdiction to try and determine all matters connected with said election including the petition of such election and all proceedings and orders relating thereto, embracing final count and declaration and publication of the result putting local option into effect, and it shall have authority to determine questions relating to the legality and validity of said election, and to determine whether by the action or want of action on the part of the officers to whom was entrusted the control of such election, such a number of legal voters were denied the privilege of voting, as had they been allowed to vote, might have materially changed the result, and if it shall appear from the evidence that such irregularities existed in bringing about said election or in holding same, as to render the true result of the election impossible to be arrived at or very doubtful of ascertaining, the court shall adjudge such election to be void, and shall order the proper officer to order another election to be held, and shall cause a certified copy of such judgment and order of the court to be delivered to such officer upon whom is devolved by law the duty of ordering such election. It is further provided that all such cases shall have precedence in the District Court and appellate courts and that the result of such contest shall finally settle all questions relating to the validity of said election, and it shall not be permissible to again call the legality of said election in question in any other suit or proceeding; and provided further, that if no contest of

said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election as held and the result thereof declared, are in all respects valid and binding upon all courts; provided also that pending such contest the enforcement of local option law in such territory shall not be suspended, and that all laws and parts of laws in conflict herewith be and the same are hereby repealed.

"Any qualified voter of any county, justice precinct, incorporated city or town within the State which has heretofore voted on local option may contest said election under the provisions of this Act, and if no contest is filed within sixty (60) days from the taking effect of this Act, it shall be conclusively presumed that said election as held was valid in all things and binding upon all courts."

In the case of Hardy v. State, 107 S. W. 547, (decided January 29, 1908) our Court of Criminal Appeals construed Article 3397, as amended in 1907.. The appellant took a bill of exceptions to the refusal of the Court to allow him to prove by the county clerk that he (the clerk) did not at any time post or cause to be posted any notices of the election. The Court, in passing upon the bill, said:

"This prosecution was commenced on the 29th day of July, 1907. The bill shows that the State objected on the ground that it was immaterial, and was offered in the nature of a defense to contest the legality of the local option law at a time more than 60 days after the taking effect of the Act of the Thirtieth Legislature, passed May 14, 1907, Laws 1907, p. 447, C. 8. We hold that this objection is well taken. Said Act provides that contests of elections that had theretofore been had must be contested within 60 days from taking effect of said law, and not otherwise. The matters complained of would be mere irregularities at best, and this Act makes valid and noncontestable anything pertaining to irregularities in the adoption

of the local option law.  The act itself
provides that we shall conclusively pre-
sume that said election as held was valid
in all things and binding upon all courts.
We accordingly hold that said Act is valid,
and applies to all local option elections
and it clearly applies in this case."

The Court of Criminal Appeals has frequently
had the same statute before it for construction and have
uniformly held that unless a local option election was
contested within the statutory time after the result of
the election has been declared, the law conclusively
presumes that the election as held and the result there-
of declared are in all respects valid and binding on the
Court.  See Branch's Annotated Penal Code, Sec. 1228, p.
682, for citation of earlier cases; Blaine v. State, 139
S. W. (2d) 792; Grumbles v. State, 169 S. W. (2d) 720;
ex parte King, 160 S. W. (2d) 255.

In Blaine v. State, supra, the Court of Crimi-
nal Appeals of Texas, in construing Article 5728, Re-
vised Civil Statutes (1911), used the following language:

"There is an attack made upon the pro-
ceedings of the election whereby said jus-
tice precinct No. 7 of Dallas County, Texas,
was voted dry in 1890.  This attack comes
too late.  This attack should have been made
within sixty days after the taking effect of
S. B. No. 31, Chapter VIII of the General
Laws of the 30th Legislature, First Called
Session, p. 447, which became effective
ninety days after May 14, 1907, failing
which the law conclusively presumes that
the election as held and the results as
therein declared are in all respects valid
and binding on the courts."  (Emphasis added)

Copies of the proceedings of the Commissioners
Court of Zavala County pertaining to the local option
election of 1910, which you sent us, disclose that the
statutes governing local option elections in effect at
that time were fully complied with in every respect, ex-
cept there is no record showing there had been any post-
ing of the notices of such election as required by Articl
3387, Revised Civil Statutes (1895).  However, at the tim
the election was ordered the amendment to Article 3397,
Revised Civil Statutes, (1895) was in full force and ef-
fect.  We infer from your request that no contest of this

election was filed at any time.

You are advised that it is conclusively presumed that such notices were posted in the manner and for the length of time prescribed by law and that the question of whether such notices were or were not so posted will not now be considered by the courts.

You are further advised that Zavala County was a "dry area", as that term is defined in Section 23, Article 666, Vernon's Penal Code, from the time the local option election of 1910 prohibiting the sale of intoxicating liquors in that county became effective, until it became legal to sell therein 3.2 per cent beer by weight as a result of a local option election held in 1933 for that purpose. Since that time it has been a "dry area" only as to the sale of whiskey and other alcoholic beverages containing more than 3.2 per cent alcohol by weight. Tillerson v. State, 159 S.W. (2d) 502.

## SUMMARY

The question of whether notices of a local option election held in 1910 were or were not posted in the manner and for the length of time provided by statute, the election not having been contested within the statutory period after the result of the election was declared by the Commissioners' Court, will not be considered by the courts, but will be conclusively presumed that such notices were duly and regularly posted as required by law. Article 3397, Revised Civil Statutes (1895) as amended by the Thirtieth Legislature (1907) p. 447.

From the time the local option election of 1910 became effective in Zavala County until the sale of 3.2 per cent beer by weight was legalized by the local option election in 1933, that county was a "dry area" as that term is defined by Section 23, Article 666, Vernon's Penal Code. Since that time, the county has been a "dry area" only as to the sale of whiskey and other alcoholic beverages containing more than

3.2 per cent alcohol by weight. Tillerson v. State, 143 Tex. Ct. Rep. 473, 159 S. W. (2d) 502.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *William S. Lott*

William S. Lott
Assistant

WSL:rt;djm

APPROVED:

*Price Daniel*
ATTORNEY GENERAL